NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYANT BARNETT,

    Plaintiff,

v.

SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES,

    Defendant.

No. 24cv7845 (EP) (LDW)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

**I.    BACKGROUND**

*Pro se* Plaintiff Bryant Barnett alleges that Defendant Servis One, Inc. d/b/a BSI Financial Services (a) is billing him and threatening to foreclose on his home in connection with a mortgage loan that Defendant is not authorized to collect; (b) sold his personal identifiable information ("PII") to multiple other companies; and (c) shared false information about him with credit agencies. *See* D.E. 1 ("Complaint" or "Compl."). Plaintiff asserts the following claims: (1) identity theft, 18 U.S.C. § 1028A; (2) unfair practices, 15 U.S.C. § 1692f; (3) mail fraud, 18 U.S.C. § 1341; (4) wire fraud, 18 U.S.C. § 1343; (5) extortion/blackmail, 18 U.S.C. § 873[1]; (6) receiving the proceeds of extortion, 18 U.S.C. § 880; (7) nonmailable matter, 39 U.S.C. § 3001; and (8) furnishing certain deceptive forms, 15 U.S.C. §§ 1692j.

---

[1] Plaintiff asserts that he is pursuing his extortion claim under a federal regulation of the Bureau of Indian Affairs within the Department of Interior that makes it a misdemeanor to "willfully, by making false charges against another person or by any other means whatsoever, extort or attempt to extort any moneys, goods, property, or anything else of any value." 25 CFR § 11.417. However, this regulation applies to Courts of Indian Offenses, not this Court. Therefore, the Court construes the Complaint as alleging the federal crime of Blackmail under 18 U.S.C. § 873.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1. Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** *with prejudice* Plaintiff's federal crime claims under 18 U.S.C. §§ 873, 880, 1028A, 1341, and 1343 and his nonmailable matter claim under 39 U.S.C. § 3001; **DISMISS** *without prejudice* Plaintiff's furnishing certain deceptive forms claim under 15 U.S.C. § 1692j; and **PROCEED** Plaintiff's unfair practices claim under 15 U.S.C. § 1692f.

## II.   LEGAL STANDAD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[2] A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325(1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See*

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

The court also has the authority to examine subject-matter jurisdiction sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). The party commencing the action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

III.    ANALYSIS

    A.    **The Court Will Grant Plaintiff's IFP Application**

Having reviewed Plaintiff's IFP application, the Court determines that Plaintiff "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP application.

    B.    **The Federal Crimes Alleged by Plaintiff Do Not Provide a Private Cause of Action and Will Be Dismissed With Prejudice**

Plaintiff claims to be a victim of various federal crimes. However, "[c]laims based on the violation of federal criminal statutes . . . are not cognizable, as federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009); *see Kirkland v. State*, No. 23-1638, 2023 WL 2789546, at *3 (D.N.J. Apr. 5, 2023).[3] Therefore, Plaintiff's claims relating to extortion/bribery, identity theft, and mail and wire fraud, under 18 U.S.C. §§ 873, 880, 1028A, 1341, and 1343 will be **DISMISSED** *with prejudice*.[4]

    C.    **Plaintiff's Nonmailable Matter Claim Will Be Dismissed With Prejudice**

Plaintiff asserts a cause of action under 39 U.S.C. § 3001. Compl. at 5. This statute generally defines what material may not be put in the mail and what the Postal Service shall do with such material. The Complaint does not appear to allege any facts in connection with a claim under this statute. Furthermore, "39 U.S.C. § 3005 clearly confers enforcement authority for such violations to the United States Postal Service." *Dixon v. Golden-Masano-Bradley, Law Firm*, Civ.

---

[3] *See also Addlespurger v. Corbett*, 461 F. Appx. 82 (3d Cir. 2012) (mail and wire fraud); *Prater v. AM. Heritage Federal Credit Union*, 351 F. Supp. 3d 912, 917 (E.D. Pa. 2019) (identity theft); *Tasaka v. Bayview Loan Servicing, LLC*, No. 17-cv-07235, 2022 WL 992472, at *6 (E.D.N.Y. Mar. 31, 2022) (extortion/bribery).

[4] The Court determines that amendment of the Complaint would be futile as to these claims for which no private right of action exists. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.") (citation omitted).

4

No. 06-0392, 2006 WL 8460305, at *4 (E.D. Pa. July 18, 2006), *aff'd*, 228 F. App'x 142 (3d Cir. 2007). Therefore, Plaintiff's nonmailable matters claim will be **DISMISSED *with prejudice***.[5]

### D. Plaintiff's Unfair Practices Claim Will Proceed But His Furnishing Certain Deceptive Forms Claim Will Be Dismissed Without Prejudice

The crux of Plaintiff's Complaint appears to be the allegation that Defendant is attempting to collect on a mortgage loan that Plaintiff claims he does not owe. In connection with this allegation, Plaintiff claims Defendant violated the Fair Debt Collection Practices Act by engaging in unfair practices, 15 U.S.C. § 1692f, and furnishing certain deceptive forms, 15 U.S.C. § 1692j. Compl. at 5-6.

#### 1.  *Plaintiff's unfair practices claim will proceed*

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* One enumerated example of such conduct is "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1). Another example (that Plaintiff specifically cites in his Complaint) is "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or; (C) the property is exempt by law from such dispossession or disablement." § 1692f(6).

Construing Plaintiff's complaint liberally, as the Court must, Plaintiff alleges that Defendant is a debt collector who is attempting to bill him on a mortgage loan Defendant is not authorized to collect. Compl. at 7-9. Plaintiff also alleges that Defendants threatened to foreclose

---

[5] The Court determines that amendment of the Complaint would be futile as to this claim. *See Phillips*, 515 F.3d at 236.

on his home if he did not pay the amount owed. *Id.* Section 1692f(6) does not appear to be implicated because foreclosure is a judicial proceeding. However, Plaintiff does allege a cognizable violation of Section 1692f(1)—that claim will proceed.

> 2. *Plaintiff's furnishing certain deceptive forms claim will be dismissed without prejudice*

Section 1692j states that "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." Section 1692j "'bars the practice commonly known as 'flat-rating.''" *Saafir v. Bayview Loan Servicing, LLC*, 751 F. App'x 166, 168 (3d Cir. 2018) (quoting *Nielsen v. Dickerson*, 307 F.3d 623, 639 (7th Cir. 2002)). "Flat-rating" is when an individual sends a delinquency letter to the debtor portraying himself as a debt collector, when in fact he has no real involvement in the debt collection effort; in effect, the individual is lending his name to the creditor for its intimidation value, often in exchange for a 'flat' rate per letter." *Nielsen*, 307 F.3d at 639.

Here, Plaintiff alleges that Defendant sent him billing statements claiming that Plaintiff owed money on the mortgage loan that Defendant claims he did not owe. Compl. at 7. However, far from alleging that Defendant has no real involvement in the debt collection effort, it appears that Plaintiff is alleging that Defendant was the actual debt collector attempting to collect the mortgage loan. *See generally* Compl. at 7-9. Therefore, Plaintiff's Section 1692j claim will be **DISMISSED** *without prejudice*. If the Defendant had no real involvement in the debt collection effort, Plaintiff may amend his Complaint in order to cure this deficiency.

6

IV.     CONCLUSION AND ORDER

For the reasons stated herein, **IT IS** on this **2nd** day of **October** 2024,

**ORDERED** Plaintiff's application to proceed *in forma pauperis*, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to file Plaintiff's Complaint, D.E. 1, without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's claims relating to extortion/bribery, identity theft, and mail and wire fraud, under 18 U.S.C. §§ 873, 880, 1028A, 1341, and 1343 are **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Plaintiff's nonmailable matters claim under 39 U.S.C. § 3001 is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Plaintiff's furnishing certain deceptive forms claim under 15 U.S.C. § 1692j is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff is afforded 45 days to file an amended complaint that cures the deficiencies as set forth above regarding the furnishing certain deceptive forms claim under 15 U.S.C. § 1692j; and it is further

**ORDERED** that Plaintiff's unfair practices claim under 15 U.S.C. § 1692f shall **PROCEED**; and it is further

**ORDERED**, that the Clerk of Court shall provide Plaintiff with a copy of the USM-285 form for Defendant; and it is further

**ORDERED**, that Plaintiff shall complete the USM-285 form and return it to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102; and it is finally

**ORDERED**, that upon Plaintiff's sending of the completed USM-285 form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Memorandum Order upon Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[6]

*[signature]*
Evelyn Padin, U.S.D.J.

---

[6] Alternatively, the U.S. Marshal may notify Defendant that an action has been commenced and request that Defendant waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).